IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BECKLEY DIVISION**

CEDRIC LOVELLE GRAY,

               Petitioner,

v.                                    CIVIL ACTION NO.   5:12-cv-00262
                                    (Criminal No. 5:01-cr-00004)

UNITED STATES OF AMERICA,

               Respondent.

**ORDER**

Movant Cedric Lovelle Gray filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on February 8, 2012 [ECF 763]. By Standing Order entered on September 2, 2010, Movant's motion was referred to Magistrate Judge R. Clarke VanDervort on February 2, 2012, for the submission of proposed findings of fact and a recommendation for disposition ("PF&R"). On October 8, 2014, Magistrate Judge VanDervort issued a PF&R recommending that this Court deny Movant's motion and remove this matter from the Court's docket unless Movant can demonstrate within the time allotted for objecting to the PF&R that the motion was filed within the proper time period or that circumstances exist which would permit equitable tolling of the limitation period [ECF 770]. Movant's objections were due on October 27, 2014. On that date, the copy of the PF&R which had been mailed to Movant at the Federal Correctional Institution in Fort Dix, NJ was returned to the Clerk of this Court stamped "RETURN TO SENDER." On November 10, 2014, the Court directed the Clerk to send a copy of the PF&R to Movant at the address provided by his probation officer and provided Movant with an

additional seventeen days from the date of entry of that Order within which to file his written objections (ECF 772).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour,* 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the October 8, 2014, PF&R in this case were initially due on October 27, 2014. The Court's order of November 10, 2014 granted Movant seventeen days from the date of entry of that order within which to file his written objections. To date, no objections have been filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [ECF 770], **DENIES** Petitioner's § 2255 motion [ECF 763], and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED.**

---

[1] The Federal Bureau of Prisons has informed the Court that Movant was released from custody on March 7, 2014.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 30, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE